# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-08-109-M |
| | ) | (CIV-10-85-M) |
| RODNEY ANTONIO ALEXANDER, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Rodney Antonio Alexander filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on January 27, 2010. On March 24, 2010, the government filed its response, and on May 28, 2010, defendant filed his traverse to the government's response. As these matters are ripe for adjudication, the Court makes its determination.

I.  Introduction

On May 7, 2008, a federal grand jury sitting in the Western District of Oklahoma returned a three-count Indictment against defendant. On June 30, 2008, defendant petitioned the Court to enter a plea of guilty (Doc. 30), pursuant to a plea agreement with the government, wherein defendant pled guilty to Count 1, possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1), and Count 2, felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Count 3, the remaining count against defendant, was dismissed. In addition, defendant waived his right to appeal or collaterally challenge his guilty plea, sentence, and any other aspect of his conviction, except defendant reserved the right to challenge the sufficiency of his prior convictions for purposes of sentencing him under the Armed Career Criminal Act. At sentencing on October 24, 2008, the Court found that defendant's prior convictions qualified as predicate

offenses under the Armed Career Criminal Act and sentenced defendant to a term of imprisonment of 211 months on Counts 1 and 2, to run concurrently.

On November 10, 2008, defendant filed a Notice of Appeal to the United States Court of Appeals for the Tenth Circuit from the judgment of conviction. In his direct appeal, defendant challenged the applicability of the Armed Career Criminal Act to his case. On June 23, 2009, the Tenth Circuit affirmed the Court's judgment. *United States v. Alexander*, 333 Fed. Appx. 388 (10th Cir. 2009). Defendant now collaterally challenges his conviction and sentence in a § 2255 motion.

II. Discussion

In his § 2255 motion, defendant raises four grounds for relief, all centered around ineffective assistance of counsel: (1) counsel "failed to properly explain the mechanics of the Plea Agreement"; (2) counsel "failed to challenge the false statements of the 'witness'/'informant'"; (3) defendant has no input in the "processes of this case," in that none of his claims, concerns or ideas regarding the case and the appeal were considered; and (4) counsel "was ineffective for not challenging the Court[']s understanding of what seems to b[e] standard operating procedure regarding 5K1 processes."

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325

(10th Cir. 2004) (en banc).[1]  When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the dispute [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . ." *Id.* at 1325.

    A.    Scope of the Waiver

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 8 of defendant's plea agreement provides:

> Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence.  Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give his the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:
> 
>     a.    Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any ruling on pretrial suppression motions or any other pretrial disposition of motions and issues;
> 
>     b.    Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

3

            remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
      c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement, at ¶ 8 [docket no. 30].

  The Court finds that the above-referenced provision effects a broad and unambiguous waiver of defendant's appeal and collateral attack rights. The Court concludes that defendant's grounds for collateral challenge do not fall into the exceptions to the waiver delineated in the plea agreement.

  B. <u>Knowing and voluntary</u>

  A defendant bears the burden to show that he did not knowingly and voluntarily enter into his plea agreement. *Hahn*, 359 F.3d at 1329. When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Id.* at 1325.

  In this case, the plea agreement expressly provides that defendant knowingly and voluntarily waives his right to appeal or collaterally challenge his conviction and sentence. Plea Agreement at ¶ 8. The plea agreement further provides, in the paragraph immediately preceding defendant and his counsel's signatures, that "defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms." *Id.* at ¶ 17.

  Additionally, the Court finds that the record of the Rule 11 colloquy of defendant's guilty plea shows unequivocally that defendant knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence. During the change of plea hearing, the Assistant United

States Attorney prosecuting the case summarized the relevant terms and conditions of the plea agreement, in pertinent part, as follows: "the Defendant agrees to waive his right to appeal or collaterally challenge the sentence as long as the sentence is within the guideline range determined by the Court to be applicable in each count." Transcript of Change of Plea, at 8.

The Court then questioned defendant's counsel as to the Assistant United States Attorney's summation of the agreement, and defense counsel stated that it was an accurate representation of the plea agreement. *Id*. at 9. The Court then engaged in the following colloquy with defendant:

> THE COURT: Mr. Alexander, you have heard the disclosure of the terms of your plea agreement. Are those statements an accurate representation of your plea agreement?
>
> THE DEFENDANT: Yes, ma'am.
> ...
> THE COURT: Let me ask you about a couple of the terms in the Plea Agreement. One of them has to do with the waiver or giving up your right to appeal the sentence of this Court. Tell me in your own words what that means to you. I want to make sure that you understand what you are giving up in that regard.
>
> THE DEFENDANT: If I'm considered guilty, or whatever my punishment is, I can't come back and reinstate another hearing, or something like that.
>
> THE COURT: Very well. The Court is satisfied that you do understand what you are giving up in that regard. Let me ask you about another waiver that is similar but different and that is your waiver of your collateral attack rights which would prevent you from filing any motion to modify or reduce the sentence. Can you tell me in your own words what that means to you, as well?
>
> THE DEFENDANT: Yes, ma'am. That I can't go through and pick out stuff and say that y'all didn't do this, kind of motion-it, to get a lower sentence, or something like that.
>
> THE COURT: I'm satisfied that you understand that if this Court sentences you within the advisory guideline range for the offense, that your right to appeal is waived; should the Court sentence you

> higher than the advisory guideline range that will be established in this case, then in that instance your right to appeal will be restored. The Court, then, is satisfied and will accept the Plea Agreement in this case. Do you understand, Mr. Alexander, that you have a right to plead not guilty if you have previously pled not guilty?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Are you satisfied with the services of Mr. Sloan?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you believe that Mr. Sloan has done all that anyone could do as counsel to assist you in this matter?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 9-11.

In light of the above, the Court finds that defendant knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his sentence and conviction.

### C. Miscarriage of Justice

A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d

at 1327, 1329.

The Court begins by noting that defendant has not alleged the Court relied upon any impermissible factor at sentencing. Defendant was sentenced to 211 months incarceration as to Count 1, possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1), and 211 months' incarceration as to Count 2, felon in possession of a firearm, a violation of 18 U.S.C. § 922(g), to be served concurrently with one another. Furthermore, defendant was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), which requires a sentencing court to impose a sentence of not less than fifteen years upon a defendant who is convicted under 18 U.S.C. § 922, the felon in possession statute, and has three previous convictions for a violent felony or serious offense, or both, committed on occasions different from one another. *See Alexander*, 333 Fed. Appx. at 388. The Court finds that defendant's sentence of 211 months' incarceration does not exceed the statutory maximum of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court further notes that defendant has not alleged that enforcing his waiver of collateral attack rights will result in a miscarriage of justice. Finally, after carefully reviewing defendant's grounds for relief, the Court independently concludes that enforcement of his collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Accordingly, for the reasons set forth above, the Court finds that defendant's waiver of his right to collaterally challenge his conviction and sentence should be enforced and that the claims defendant asserts in his § 2255 motion should be dismissed.

### D. Hearing

As set forth above, defendant's motion does not set forth a basis for relief from his sentence

or conviction. Because that conclusion is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001).

III.     Conclusion

The Court, therefore, DISMISSES defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 16th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE